UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY EDUARDO VILLA CANALES,<br>Petitioner,<br>v.<br>WARDEN, MESA VERDE DETENTION CENTER,<br>Respondent. | No. 1:26-cv-06660-DAD-JDP (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR IMMEDIATE RELEASE AS MOOT<br><br>(Doc. No. 5) |

On August 21, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for immediate release, which the court construed as a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 5.) On August 27, 2026, the court set a briefing schedule on the pending motion and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) Respondents were further directed to state any opposition that they had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of their position in this regard in their opposition. (*Id.*)

On August 28, 2026, respondent filed an opposition to petitioner's motion for temporary restraining order. (Doc. No. 7.) Therein, respondent contends that petitioner was detained pursuant to § 1225(b) but concedes that recent Ninth Circuit authority compels a finding that petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) because he entered the United States without admission, inspection or parole, and was subsequently detained by immigration authorities in the interior of this country. (*Id.* at 2.) Respondent further argues that "[t]his case is materially distinguishable from some of the cases cited in the Court's Minute Order in that Petitioner was not previously 'released' by immigration authorities." (*Id.* at 1.) Respondent has not raised any opposition to the court ruling directly on the merits of the petition, and the court will do so.

Based upon the parties' briefing, the court finds the following. Petitioner entered the United States on an unknown date without any inspection or interaction with immigration authorities. (Doc. No. 7-1 at 4.) On or about May 8, 2026, border patrol agents conducting roving patrol operations initiated a vehicle stop of a vehicle petitioner was driving. (*Id.* at 3.) After determining that petitioner was present in the United States unlawfully, those agents took him into custody (*id.*), and the Department of Homeland Security subsequently issued a notice of custody determination which indicated that petitioner would remain in immigration custody (Doc. No. 7-2 at 1). Petitioner has remained in immigration custody since the day of his arrest.

The court has previously explained that when the government detains a noncitizen who is subject to 8 U.S.C. § 1226(a) and fails to comply with the procedures set forth in that statutory provision, the immediate release of the noncitizen is warranted. *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963, at *1–3 (E.D. Cal. Aug. 10, 2026) (finding the failure to arrest a noncitizen following or contemporaneously with the issuance of a warrant and failure to issue a notice to appear prior to or contemporaneously with the noncitizen's detention warranted immediate release.) Here, respondent argues that petitioner is entitled only to seek a custody redetermination hearing before an immigration judge ("IJ") because the Ninth Circuit's recent decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) compels a finding that § 1226(a) governs petitioner's

detention. (Doc. No. 7 at 1.) However, nothing before the court indicates that petitioner was arrested pursuant to a warrant. Further, while the Form I-213 offered in support of respondent's opposition states that petitioner "was processed as an NTA/DT[,]" respondent fails to provide the court with an actual notice to appear form. Accordingly, pursuant to the reasoning in *Zurita Navarro*, the court concludes that petitioner's detention is unlawful because respondent failed to follow the procedures set forth by § 1226(a). The court will therefore order petitioner's immediate release from immigration custody.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Henry Eduardo Villa Canales, A-File No. 234-426-221, from respondent's custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;
2. Petitioner's motion for immediate release (Doc. No. 5) is DENIED as having been rendered moot by this order granting him habeas relief;
3. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and
4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner to close this case.

IT IS SO ORDERED.

Dated: **August 31, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE